R. Matthew Pettigrew, Jr.
Markowitz & Richman
123 South Broad Street – Suite 2020
Philadelphia, PA 19109
215-875-3132
*Attorneys for Plaintiff*

_____

| | | |
|---|---|---|
| **Trustees of Teamsters Pension Trust Fund of Philadelphia & Vicinity** | : | **United States District Court** |
| 2500 McClellan Avenue – Suite 140 | : | **District of New Jersey** |
| Pennsauken, NJ 08109 | : | |
|     and | : | |
| **Trustees of Teamsters Health & Welfare Trust Fund of Philadelphia & Vicinity** | : | Civil Action |
| 2500 McClennan Avenue – Suite 140 | : | |
| Pennsauken, NJ 08019, | : | No. 19-1202 |
| | : | |
|                    Plaintiffs | : | |
| | : | |
|              v. | : | |
| | : | |
| **Macklyfe Contracting, LLC** | : | |
| 7600 Stenton Avenue – Apt. 18-K | : | |
| Philadelphia, PA 19118, | : | **Complaint** |
| | : | |
|                    Defendant | : | |

_____

The plaintiffs, the Trustees of the Teamsters Pension Trust Fund of Philadelphia & Vicinity and the Trustees of the Teamsters Health & Welfare Trust Fund of Philadelphia & Vicinity, by their attorneys, Markowitz & Richman, hereby file this complaint, and with regard to the defendant, Macklyfe Contracting, LLC, allege:

1

**Jurisdiction and Venue**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, to recover unpaid employee benefit contributions.

2. This Court has jurisdiction over this matter pursuant to Sections 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), Section 301 of the LMRA, and 28 U.S.C. § 1331.

3. Venue is proper pursuant to Section § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

**Parties**

4. The plaintiffs are the Trustees of the Teamsters Pension Trust Fund of Philadelphia & Vicinity ("Pension Fund") and the Trustees of the Teamsters Health & Welfare Trust Fund of Philadelphia & Vicinity ("Health Fund"). (The Pension Fund and the Health Fund are at times referred to herein collectively as the "Funds.")

5. The Health Fund and the Pension Fund are multi-employer benefit funds within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).  The Funds receive and administer contributions from various contractors who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with various local unions affiliated with the International Brotherhood of Teamsters, including Local 107.  The Funds' office is located at 2500 McClennan Avenue, Suite 140, Pennsauken, New Jersey  08109.

6. The defendant, Macklyfe Contracting, LLC ("Macklyfe") is a Pennsylvania corporation with an address of 7600 Stenton Avenue, Apt. 18-K, Philadelphia, PA 19118.

**Background**

7. Macklyfe's employees who are represented by Local 107 are participants in and beneficiaries of the Funds.

8. Macklyfe is a party to a collective bargaining agreement ("Agreement") with Local 107 and is bound by the terms of the Agreement. (The relevant portions of the Agreement are included with this Complaint as Exhibit A.)

9. Article VII of the Agreement requires Macklyfe to make timely contributions to the Funds for each hour worked by each employee.

10. Macklyfe is a party to the Health Fund agreement and declaration of trust . (The Health Fund agreement and declaration of trust is included with this Complaint as Exhibit B.)

11. Section 9(e) of the Health Fund agreement and declaration of trust authorizes the Trustees to review and audit Macklyfe's records relating to its employees and business operations.

12. Macklyfe is a party to the Pension Fund agreement and declaration of trust. (The Pension Fund agreement and declaration of trust is included with this Complaint as Exhibit C.)

13. Article IV of the Pension Fund agreement and declaration of trust authorizes the Trustees to examine and audit any of Macklyfe's records deemed necessary by the Trustees for a complete audit.

## Count One

### Breach of Contract

14. Paragraphs 1 through 13 of this complaint are re-alleged as if fully set forth herein.

15. At all times relevant to this lawsuit, Macklyfe employed individuals whose wages, hours, and terms and conditions of employment were governed by the Agreement.

16. In accordance with the Agreement, Macklyfe is required to make monthly contributions to the Health Fund and to the Pension Fund for each hour worked by each employee.

17. In accordance with the trust agreements, Macklyfe is required to provide the Funds' auditors with access to its books and records.

18. Despite numerous requests, Macklyfe has refused to provide requested documents, including payroll and other records, to the Funds' auditors.

19. Due to Macklyfe's refusal to cooperate with the Funds' auditors, it is impossible to determine whether or not Macklyfe has fully complied with its contribution obligations.

20. Macklyfe's failure to submit the requested documents and to otherwise cooperate with the Funds' auditors constitutes a breach of the Agreement and the trust agreements.

## Count Two

### Violation of ERISA

21. Paragraphs 1 through 20 of this Complaint are re-alleged as if fully set forth herein.

22. Section 515 of ERISA, 29 U.S.C. § 1145, requires that every employer, who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement, shall do so in accordance with such plan or

agreement.

23. Due to Macklyfe's refusal to cooperate with the Funds' auditors, it is impossible to determine whether or not Macklyfe has fully complied with its contribution obligations.

24. Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), provides that in any action instituted for on or behalf of a multi-employer plan to enforce the payment of delinquent contributions, the Court shall, if judgment is entered in favor of the plan, award the plan:  (a) the unpaid contributions, plus (b) interest on the unpaid contributions, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court under subparagraph (a), plus (d) reasonable attorney's fees and costs of the action, plus (e) such other legal or equitable relief as the court deems appropriate.

25. Macklyfe's failure to submit the requested documents and to otherwise cooperate with the Funds' auditors constitutes a violation of ERISA.

WHEREFORE, the plaintiffs pray that this Honorable Court grant the following relief:

(a) an Order directing Macklyfe to provide the Funds' auditors with access to its books and records for the purpose of determining the total amount of contributions owed by Macklyfe;

(b) judgment in favor of the plaintiffs in the full amount determined by the auditors to be owed to the Funds, plus the amount of any unpaid contributions that arise or are discovered subsequent to the commencement of this lawsuit;

(c) interest on the unpaid contributions;

(d) liquidated damages as provided by ERISA and the Agreement;

(e) the reasonable litigation costs, auditors' fees, and attorneys' fees incurred by the plaintiffs in connection with this action; and

(f) such other legal and equitable relief this court deems just and proper and/or to which the plaintiffs are otherwise entitled.

Respectfully submitted,

MARKOWITZ & RICHMAN

| January 28, 2019 | /s/ R. Matthew Pettigrew, Jr. |
| --- | --- |
| Date | R. Matthew Pettigrew, Jr. |
| | 123 South Broad Street – Suite 2020 |
| | Philadelphia, PA  19109 |
| | 215-875-3132 |
| | *Attorneys for Plaintiffs* |